UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BLAKE ADAMS                                CIVIL ACTION

VERSUS                                     NO. 15-6207

KEITH COOLEY, WARDEN                       SECTION "R" (5)


## **ORDER**

Before the Court are Blake Adams's petition for a writ of habeas corpus[1] and his objections[2] to the Magistrate Judge's Report and Recommendation that the petition be dismissed with prejudice.[3] The Court, having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

In his objections, Adams argues that he is actually innocent.[4] He contends that evidence of his factual innocence excuses the procedural default on his prosecutorial misconduct claim.[5] "[A]ctual innocence, if

---

[1]   R. Doc. 6.
[2]   R. Doc. 21.
[3]   R. Doc. 16.
[4]   R. Doc. 21.
[5]   *Id.*

proved, serves as a gateway through which a petitioner may pass" a procedural bar to habeas relief. *McQuiggin v. Perkins,* 133 S.Ct. 1924, 1928 (2013). A claim of actual innocence "permits review only in the extraordinary case" where petitioner can show "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* 547 U.S. 518, 538 (2006).

Adams does not meet this high standard. As an initial matter, he has not shown that his claim is based upon new evidence. *McQuiggin,* 133 S.Ct. 1924, 1933 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'") (internal citation omitted). Adams acknowledges that most of the evidence referenced in his objections was part of the trial record or within the possession of petitioner's trial counsel.[6] Adams also failed to raise a claim of actual innocence before the Magistrate Judge.

Even if the Court were to consider all the evidence presented by Adams, he cannot show by a preponderance of evidence that "no reasonable juror would find him guilty beyond a reasonable doubt." *House,* 547 U.S. at 538. Adams seeks to undermine the character and credibility of his victim and

---

[6] *Id.* at 26-27, 29, 36, 40, 48, 55.

speculates that she may have doctored evidence.[7] He does not demonstrate that he is innocent of the crimes charged.

In his objections, Adams further argues that the above-mentioned evidence supports his claim of ineffective assistance of counsel because his attorney should have used this evidence at trial.[8] For the reasons explained by the Magistrate Judge in his detailed Report, Adams fails to show that the state court's "decision that he could not demonstrate deficient performance by his trial counsel necessarily involved an unreasonable application of federal law." *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011).

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling

---

[7] *Id.* at 6-9.
[8] R. Doc. 21.

standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Here, Adams has not made a substantial showing of a denial of a constitutional right. The Magistrate Judge's Report and Recommendation clearly and correctly disposes of each of Adams's claims.

IT IS ORDERED that plaintiff's petition for *habeas corpus* is DISMISSED WITH PREJUDICE. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __23rd__ day of June, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE